UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA C. BORGER,<br><br>            Plaintiff,<br><br>vs.<br><br>ARRON LOUGHEED,<br><br>            Defendant. | 4:24-CV-04106-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Joshua C. Borger, an inmate at the Minnehaha County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. He moves for leave to proceed in forma pauperis and provided his prisoner trust account report. Dockets 2, 3.

### I.      Motion for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Borger reports an average monthly balance of $5.17 and average monthly deposits of $31.30. Docket 3 at 1. Based on the information regarding Borger's prisoner trust account, the court grants Borger leave to proceed in form pauperis (Docket 2) and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Borger must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Borger's institution. Borger remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background

In November 2023, Borger's girlfriend, Shaun Songer, gave Borger a key to her apartment, and he began staying with her. Docket 1 at 4. At some later time, Borger had an argument with Songer; he moved out of the residence and broke Songer's television. *Id.* at 8.

On February 23, 2024, Borger was arrested for second degree burglary. *Id.* at 4. Borger alleges that the burglary charge stems from when he had an argument with his girlfriend and claims that did not commit burglary. *Id.* at 4, 8. Songer called the state's attorney office and repeatedly stated that Borger had not burglarized her residence. *Id.* at 4. Despite Songer's phone calls, Prosecutor Arron Lougheed proceeded with the criminal case against Borger. *Id.* Borger claims that Lougheed "is maliciously persuing these charges . . . and [is] abusing legal process of law for State benifit to keep [Borger] in carserated because [he] ha[s] a past record[.]" *Id.* (spelling errors in original). Borger alleges that Lougheed "has kept [him] wrongfully imprisoned for almost 120 days now." *Id.* Borger's criminal case was scheduled for trial on June 20, 2024. *Id.*

Because of Lougheed's actions, Borger claims to have suffered mentally, emotionally, and financially. *Id.* at 5–8. Borger lost wages and employment opportunities. *Id.* at 6–7. He also has suffered from post-traumatic stress disorder. *Id.* at 6.

Borger sues Lougheed in his individual and official capacity. *Id.* at 2. He claims Lougheed violated his rights under the Fifth, Eighth, and Fourteenth Amendments. *Id.* at 5–7. Borger seeks an investigation into the state's attorney office and asks that Lougheed be barred from practicing law. *Id.* at 8. He also requests $1.5 million in damages. *Id.*

**B.     Legal Background**

The court must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials,

dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)).

Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now screen Borger's complaint under 28 U.S.C. § 1915A.

    **C.**    **Legal Analysis**

        **1.**    **Official Capacity Claims**

Borger appears to allege that Lougheed is a prosecutor with the Minnehaha County State's Attorney Office.[1] Docket 1 at 2. "A suit against a

---

[1] Borger does not explicitly state which county's state's attorney office employs Lougheed. *See generally* Docket 1. Because Borger is incarcerated at the Minnehaha County Jail, this court assumes that Lougheed is employed by the Minnehaha County State's Attorney Office. *Id.* at 1. Even if Lougheed was employed by a different county's state's attorney office, Borger's official capacity

government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Borger's official capacity claims against Lougheed are equivalent to claims against Minnehaha County.

    A county government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983).

    To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388

---

claims would still be dismissed because he has not alleged that a policy or custom of the employing county caused a violation of his rights.

F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must still include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, Borger claims that his "own lawyer told [him] '[t]he Prosecutors are running around like a bunch of cowboys in that office with no one holding them accountable.' " Docket 1 at 8. Borger has not identified a Minnehaha County policy that violated his constitutional rights. He appears to allege that Minnehaha County had an unconstitutional custom of widespread misconduct and that policymaking officials have not held the prosecutors accountable. *Id.* But Borger has not alleged facts showing that policymaking officials were provided notice of prosecutors' allegedly unconstitutional widespread misconduct. *Id.* Thus, Borger's official capacity claims against Lougheed are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

    **2.**    **Individual Capacity Claims**

Borger sues Lougheed in his individual capacity for violating his rights under the Fifth, Eighth, and Fourteenth Amendments. Docket 1 at 5–7. Absolute immunity shields prosecutors "from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the [government's] case at trial, and other

conduct that is intimately associated with the judicial process." *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (citations omitted). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

"Prosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." *Williams v. Hartje*, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)). "Not all acts of a prosecutor are immunized, but the immunity does extend to cover all acts undertaken in the role of advocate in the judicial phase of criminal proceedings. This includes actions connected with initiation of prosecution, even if those actions are patently improper." *Id.* (internal citations omitted); *see also Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Absolute immunity, however, is not defeated by allegations of malice, vindictiveness, or self-interest and applies even if the prosecutor's steps to initiate a prosecution are patently improper." (internal citations and quotations omitted)).

Here, Borger sues Lougheed for initiating and prosecuting a criminal case against him, which fall within Lougheed's official duties as a prosecutor. Docket 1 at 4–8. Because Lougheed is entitled to prosecutorial immunity, Borger's claims against Lougheed in his individual capacity are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii–iii) and 1915A(b)(1–2).

### D.     Strike Under 28 U.S.C. § 1915(g)

The court finds that Borger's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). But "[d]ismissals based on immunity are not the type of dismissals listed as strikes in [§] 1915(g)[.]" *Castillo-Alvarez v. Krukow*, 768 F.3d 1219, 1220 (8th Cir. 2014) (per curiam). In *Castillo-Alvarez*, the Eighth Circuit cited favorably to *Byrd v. Shannon*, a case from the Third Circuit. *Id.* (citing *Byrd v. Shannon*, 715 F.3d 117, 125–27 (3d Cir. 2013)). The Third Circuit held that § 1915(g) "requires that a prisoner's *entire* action . . . be dismissed on enumerated grounds in order for the dismissal to count as a strike." *Byrd*, 715 F.3d at 125 (emphasis added). Because the Eighth Circuit cited *Byrd* with approval, this court will follow the rule set out in *Byrd*. *See Castillo-Alvarez*, 768 F.3d at 1220 (citing *Byrd*, 715 F.3d at 125–27).

Borger's complaint is dismissed in part for failure to state a claim upon which relief may be granted and in part because he sued a defendant immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(ii–iii); 28 U.S.C. § 1915A(b)(1–2). Thus, under *Castillo-Alvarez* and *Byrd*, this dismissal of Borger's complaint does not constitute a strike.

9

Thus, it is ORDERED:

1. That Borger's motion for leave to proceed in forma pauperis, Docket 2, is granted.

2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Borger's institution.

3. That the institution having custody of Borger is directed that whenever the amount in Borger's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Borger's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid.

4. That Borger's official capacity claims against Lougheed are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

5. That Borger's claims against Lougheed in his individual capacity are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii–iii) and 1915A(b)(1–2).

Dated April 9, 2025.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE